UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LEE HURLEY,<br><br>                Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>                Respondent. | CASE NO. 3:23-cv-06091-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Richard Lee Hurley, seeks 28 U.S.C. § 2254 habeas relief from the exceptional sentence imposed in Pacific County Superior Court case number 2-1-00049-25 following his convictions for two counts of child molestation and two counts of incest. Dkt. 5. The state court sentencing judge imposed a standard minimum range of 160 months of confinement and a maximum of life in prison for each of the two counts of child molestation in the first degree and ordered the sentences for each count to run consecutively based upon the jury's special verdict finding of two aggravating sentencing factors.

Petitioner contends the consecutive sentences that were imposed under Washington States's exceptional sentencing statute, RCW 9.94A.535 violates the Sixth Amendment, as articulated in *Blakely v. Washington,* 542 U.S. 296 (2004) and *Hurst v. Florida*, 577 U.S. 92

REPORT AND RECOMMENDATION - 1

1  (2016), because Washington's exceptional sentencing statute requires the sentencing judge to
2  make his own findings of fact in order to impose consecutive sentences.
3      Respondent contends that although the habeas petition is timely and Petitioner has
4  exhausted the sole ground for relief presented, the Court should deny the habeas petition and
5  dismiss the case because the Washington state court judge's denial of relief is not contrary to or
6  an unreasonable application of Supreme Court law, and the Sixth Amendment protections
7  discussed in *Apprendi, Blakely* or *Hurst* do not apply to a sentencing judge's decision to run
8  sentences consecutively. Dkt. 10.
9      Respondent's response to the habeas petition was filed on January 19, 2024, and noted
10 for February 16, 2024 for the Court's consideration. The Court having considered all pleadings
11 filed and the record recommends the § 2254 habeas petition be **DENIED**, and the matter be
12 **DISMISSED** with prejudice. The Court further recommends that issuance of a certificate of
13 appealability be denied.

**DISCUSSION**

15     Petitioner does not dispute that a jury found him guilty of two counts of child molestation
16 in the first degree and two counts of incest, and that the Jury also found in a special sentencing
17 verdict two aggravating sentencing circumstances: invasion of privacy and use of a position of
18 trust. *See* Dkt. State Court Record, Exhibit 5, *State v. Hurley*, 24 Wn. App. 2d (1015) (2022).
19 Petitioner also does not contest the validity of the standard sentence he received for each count of
20 conviction: 160 months per count for child molestation in the first degree and 60 months per
21 count for incest.
22     However, Petitioner contends the exceptional sentence the trial judge imposed by running
23 each of his 160-month child molestation sentences consecutively under Washington's

REPORT AND RECOMMENDATION - 2

exceptional sentencing statute violates the Sixth Amendment as set forth in *Apprendi*, *Blakely* and *Hurst* decisions.

The Court may grant federal habeas relief only if Petitioner establishes the state court's adjudication is "contrary to or involved an unreasonable application of clearly established Federal law as established by the United States Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(1) and (2). Petitioner contends Washington's exceptional sentencing statute is contrary to law established by the United States Supreme Court. The relief Petitioner seeks is thus governed by § 2254(d)(1).

Petitioner's contention that Washington's adjudication of his claim is contrary to clearly established Supreme Court law fails for two reasons. First, the Supreme Court has not clearly held Washington's exceptional sentencing scheme violates the Sixth Amendment. Under Washington law, the imposition of an exceptional sentence involves two steps. A jury must make factual findings beyond a reasonable doubt that an aggravating sentencing circumstance exists. *See* RCW 9.94A.537(3). If the jury finds an aggravating circumstance exists, the sentencing judge must then determine whether there are substantial and compelling reasons justifying an exceptional sentence outside the standard sentence range. *See* RCW 9.94A.535. Facts supporting aggravated sentences, other than the fact of a prior conviction, must be determined by a jury. *Id.*

Petitioner contends Washington's exceptional sentencing scheme violates the Sixth Amendment because a Washington state exceptional sentence cannot be imposed based solely upon the jury's finding that an aggravating circumstance exits. He argues the sentencing judge must also make additional findings of fact, i.e., whether there are substantial and compelling reasons, before an exceptional sentence may be imposed. Petitioner argues the additional

REPORT AND RECOMMENDATION - 3

findings the sentencing judge must make before imposing an exceptional sentence violates the Sixth Amendment, as set forth in *Hurst v. Florida*. 577 U.S. 92 (2016).

Washington's exceptional sentencing scheme does not resemble the Florida procedure that the Supreme Court struck down in *Hurst*, a death penalty case. The sentencing scheme addressed in *Hurst* allowed the jury to make a recommendation of a life or a death sentence "without specifying the factual basis for its recommendation. *Id.* at 95. Although the sentencing judge under the challenged Florida law was required to give the jury's recommendation great weight, a sentence of death could only be imposed if the sentencing judge made additional written findings of fact for imposing a death sentence. The Florida state court's sentencing order was also required to "reflect the trial judge's independent judgment about the existence of aggravating and mitigating factors." *Id.* at 96. The Supreme Court found Florida's sentencing scheme violated the Sixth Amendment because the scheme "does not require the jury to make the critical findings necessary to impose the death penalty."

Washington's exceptional sentencing scheme does not suffer from the defect the Supreme Court identified in Florida. The Washington state court correctly found *Hurst* is distinguishable because unlike *Hurst*, the jury in Petitioner's case did not merely make a recommendation about whether an exceptional sentence should be imposed. Rather, rather the jury in Petitioner's case first made factual findings that two aggravating factors existed beyond a reasonable doubt. *See* Dkt. 11, State Court Record at 120.  Only after the jury made the finding in a special verdict that aggravating factors existed did the sentencing judge in Petitioner's case determine whether the jury's factual findings justified imposition of an exceptional sentence. *Id.*

As the Washington state exceptional sentencing laws do not resemble the sentencing law in Florida that *Hurst* struck down, there is no basis to conclude the Washington state courts'

REPORT AND RECOMMENDATION - 4

adjudication is contrary to or an unreasonable application of clearly establish law of the Supreme Court. Petitioner's request for habeas relief thus fails.

Respondent also argues the Court should deny relief because there is no Sixth Amendment protection as to the consecutive criminal sentences imposed in this case. There is no dispute that each 160-month sentence of imprisonment that was ordered for each count of child molestation in the first degree fell within the standard range. Petitioner's sentences for these two counts are exceptional only because they were ordered to run consecutively.

The Supreme Court in *Oregon v. Ice, 555* U.S. 160, 168, (2009) upheld an Oregon state sentencing scheme that allowed the sentencing judge, not the jury, to find facts permitting imposition of consecutive sentences. The *Ice* Court ruled "the decision to impose sentences consecutively is not within the jury function that 'extends down centuries into common law.'" *Id*. (quoting *Apprendi*, 530 U.S. at 477). Hence, Respondent is correct that the Sixth Amendment protections as set forth in *Apprendi* are inapplicable to the consecutive sentences Petitioner received.

In sum, the habeas petition should be denied and dismissed because the Washington state court's adjudication of this matter is not contrary to or an unreasonable application of clearly established law. Petitioner's reliance upon *Hurst* is unfounded as the Washington sentencing scheme that he challenges does not suffer from the same defect contained in the Florida sentencing scheme in *Hurst.* Additionally, the Supreme Court has held that the Sixth Amendment protections set forth in *Apprendi* do not apply to case such as this where a petitioner challenges the imposition of sentences that run consecutively.

To the extent Petitioner seeks an evidentiary hearing, such a hearing is precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011). Petitioner's claim was adjudicated on the merits by

REPORT AND RECOMMENDATION - 5

the state courts, and the state courts' rejection of the claims are neither contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts given the record. Under these circumstances, this court is barred from conducting an evidentiary hearing to further develop the facts on Petitioner's claims. *Pinholster*, 563 U.S. at 185 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before the state court. Moreover, an evidentiary hearing is not required if the allegations would not entitle Petitioner to relief under 28 U.S.C. § 2254(d). *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

For the reasons above, the Court recommends the § 2254 habeas petition be **DENIED**, and the matter be **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree that the Washington state courts' adjudication of this matter is not contrary to or an unreasonable

application of clearly established Supreme Court law. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 5, 2024.** The Clerk should note the matter for **March 8, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 20th day of February, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7